**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| vs. | ) | EV 03-CR-21-05-Y/H |
| | ) | 3:05-cv-178-RLY-WGH |
| MARCUS DEVERS, | ) | |
| | ) | |
| Defendant. | ) | |

**Entry Discussing Motion for Relief Pursuant to 28 U.S.C. § 2255**

The motion of Marcus Devers for relief pursuant to 28 U.S.C. § 2255 must be **denied.** This conclusion rests on the following facts and circumstances:

1.      "In order for a plea to be valid, it must be made voluntarily, knowingly, and intelligently." *United States v. Hays,* 397 F.3d 564, 567 (7th Cir. 2005) (citing cases). Devers entered such a plea in order to resolve drug charges against him. This plea was entered pursuant to an agreement between Devers and the United States, which was submitted to and accepted by the court.

2.      Devers now seeks relief pursuant to 28 U.S.C. § 2255.[1] The scope of relief available under § 2255 is narrow. A defendant is entitled to relief under § 2255 where the error is jurisdictional, constitutional or is a fundamental defect which inherently results in a complete miscarriage of justice. *Boyer v. United States,* 55 F.3d 296, 298 (7th Cir.), *cert. denied*, 516 U.S. 904 (1995).

3.      Devers makes the wholly discredited argument that his conviction is void and that this court lacked jurisdiction to convict or to impose sentence upon him. Devers was

---

[1]Although Devers contends that the court has misconstrued his Rule 60(b) motion, this is not the case. The Court of Appeals has explained that "any paper asking for the relief provided by § 2255 ¶ 1 *is a* motion under § 2255, without regard to its caption or other details." *Ellzey v. United States,* 324 F.3d 521, 524 (7th Cir. 2003) (citing *United States v. Evans,* 224 F.3d 670 (7th Cir. 2000), and *Romandine v. United States,* 206 F.3d 731 (7th Cir. 2000)). If Devers did not receive the benefit of this treatment of his motion and insisted on it being treated as a motion for relief from judgment pursuant to Rule 60(b) of the *Federal Rules of Civil Procedure,* he could not prevail. Rule 60(b)(4) provides that "[o]n motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding . . . [if] the judgment is void . . . ." Rule 60(b), however, is a civil remedy and "simply does not provide for relief from judgment in a criminal case." *United States v. Mosavi,* 138 F.3d 1365, 1366 (11th Cir. 1998).

charged with violating criminal statutes passed by Congress. "Subject-matter jurisdiction in every federal criminal prosecution comes from 18 U.S.C. § 3231, and there can be no doubt that Article III permits Congress to assign federal criminal prosecutions to federal courts." *Hugi v. United States,* 164 F.3d 378, 380 (7th Cir. 1999). "That's the beginning and the end of the 'jurisdictional' inquiry." *Id.*

       4.     Devers asserts that 21 U.S.C. §§ 841 and 851 were not correctly enacted and, as a consequence thereof, are void. This assertion is without basis. On October 27, 1970, Congress enacted the Comprehensive Drug Abuse Prevention and Control Act of 1970, Pub. L. No. 91-513, Tit. II, §§ 401, 406, 84 Stat. 1260, 1265, codified at 21 U.S.C. §§ 841 and 846. Further, the constitutionality of both 21 U.S.C. § 841 and 21 U.S.C. § 851 have been repeatedly upheld. *See, e.g., United States v. Walker*, 142 F.3d 103, 110-11 (2nd Cir. 1998); *United States v. Paterson*, 140 F.3d 767, 772 (8th Cir. 1998); *United States v. Cespedes*, 151 F.3d 1329, 1331-35 (11th Cir. 1998).

       5.     Devers is entitled to the relief he seeks only if he demonstrates that his "sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. Because he has failed to make such a showing, his motion must be **denied.** Further, an evidentiary hearing is not warranted for every § 2255 petition. *Key v. United States,* 806 F.2d 133 (7th Cir. 1986). The court has the discretion to deny an evidentiary hearing where the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief. *United States v. Kovic,* 830 F.2d 680 (7th Cir. 1987). Because this is such a case, Devers' motion for an immediate evidentiary hearing is **denied.** Judgment consistent with this Entry shall now issue.

      **IT IS SO ORDERED.**

Date:    01/12/2006

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana